Todd J. Krakower
KRAKOWER DICHIARA LLC
77 Market Street, Suite 2
Park Ridge, NJ 07656
Tel: (201) 746-6333
Fax: (347) 765-1600

*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**
-------------------------------------------------------------------x

**DANANG CHERRY,**

<table>
<tr><td align="center">**Plaintiff,**</td><td>**COMPLAINT**</td></tr>
<tr><td align="center">-against-</td><td>_____-cv-_____ (___)</td></tr>
<tr><td>**SOLGAR INC. and THE NATURE'S BOUNTY CO.,**</td><td>**DEMAND FOR JURY TRIAL**</td></tr>
<tr><td align="center">**Defendants.**</td><td></td></tr>
</table>

-------------------------------------------------------------------x

Plaintiff, DANANG CHERRY, by and through her attorneys, upon personal knowledge as to herself, and upon information and belief as to other matters, brings this Complaint against Defendants SOLGAR INC. ("Solgar") and THE NATURE'S BOUNTY CO. ("Nature's Bounty") (Solgar and Nature's Bounty collectively referred to as "Defendants"**,** and alleges as follows:

## PRELIMINARY STATEMENT

1.      Plaintiff brings this lawsuit seeking recovery against Defendants for Defendants' violations of Title VII of the 1964 Civil Rights Act, 78 Stat. 253, as amended, 42 U.S.C. § 2000e, *et seq*. ("Title VII") including Title VII's anti-retaliation provisions; the Americans with Disabilities Act of 1990, 104 Stat. 337, 42, U.S.C. § 12101 *et seq*. ("ADA") including the ADA's anti-retaliation provisions; and the Family

and Medical Leave Act of 1993, as amended ("FMLA"), 29 U.S.C. § 2601 *et seq*. Plaintiff further brings this lawsuit seeking recovery against Defendants for Defendants' violations of the New Jersey Law Against Discrimination, N.J.S.A. 10:5-1 to -49 ("NJLAD"), including NJLAD's anti-retaliation provisions.

2.    Plaintiff seeks economic, compensatory, liquidated damages, attorneys' fees, punitive damages, and other appropriate legal and equitable relief pursuant to federal law.

## JURISDICTION AND VENUE

3.    This Court has original federal question jurisdiction under 28 U.S.C. § 1331 because this case is brought under Title VII, the ADA, and FMLA.

4.    This Court has supplemental jurisdiction over the New Jersey state law claims under 28 U.S.C. § 1367(a), as they are so related in this action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

5.    Venue is proper in the District of New Jersey pursuant to 28 U.S.C. § 1391 (b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this district.

6.    This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## ADMINISTRATIVE PROCEDURES

7.      Plaintiff has complied with all of the administrative procedures that are conditions precedent to the filing of this lawsuit.

8.      The Equal Opportunity Employment Commission ("EEOC") has issued a Right to Sue Letter, dated March 23, 2017 to Danang Cherry, the Plaintiff herein, for EEOC Charge No. 520-2016-02869.

9.      Allegations in Plaintiff's EEOC charge relate to illegal violations of civil rights on the part of the Defendants.

## THE PARTIES

**Defendants.**

10.      Defendants Solgar Inc. ("Solgar") is a Domestic Business Corporation organized and existing under the laws of New Jersey.

11.      Defendants Solgar is producer of nutritional supplements.

12.      Defendants Solgar maintains principal executive offices and/or a corporate headquarters at 500 Willow Tree Road, Leonia, NJ 07605.

13.      At all times material and relevant to this action, the Defendants Solgar has been and is an "employer" within the meaning of Title VII, 42 U.S.C. § 2000e(b).

14.      At all times relevant to this Complaint, Defendants Solgar was and is an employer as that term is defined by the FMLA, 29 U.S.C. § 2611(4).

3

15.     At all times material and relevant to this action, the Defendants Solgar has been and is an "employer" within the meaning of the ADA, 42 U.S.C. § 12111.

16.     At all times relevant to this Complaint, Defendants Solgar was and is an employer as that term is defined by NJLAD, N.J.S.A. 10:5-5(e),

17.     At all times relevant to this Complaint, Defendants Solgar routinely conducted, and continues to routinely conduct, business within the State of New Jersey and within Bergen County.

18.     Defendants Nature's Bounty Co. ("Nature's Bounty") is a Foreign Business Corporation organized and existing under the laws of Delaware.

19.     Defendants Nature's Bounty is producer of nutritional supplements.

20.     Defendants Nature's Bounty has designated the following address for service of process within New Jersey: Nature's Bounty c/o Frances Gedge, 486 West St, Long Branch, NJ 07740.

21.     At all times material and relevant to this action, the Defendants Nature's Bounty has been and is an "employer" within the meaning of Title VII, 42 U.S.C. § 2000e(b).

22.     At all times relevant to this Complaint, Defendants Nature's Bounty was and is an employer as that term is defined by the FMLA, 29 U.S.C. § 2611(4).

4

23.    At all times material and relevant to this action, the Defendants Nature's Bounty has been and is an "employer" within the meaning of the ADA, 42 U.S.C. § 12111.

24.    At all times relevant to this Complaint, Defendants Nature's Bounty was and is an employer as that term is defined by NJLAD, N.J.S.A. 10:5-5(e),

25.    At all times relevant to this Complaint, Defendants Nature's Bounty routinely conducted, and continues to routinely conduct, business within the State of New Jersey and within Bergen County.

26.    At all times relevant to this Complaint, Defendants Solgar and Defendants Nature's Bounty jointly employed Plaintiff.

**Plaintiff**

27.    Plaintiff Danang Cherry ("Plaintiff") is an adult individual who is a resident of Englewood, New Jersey, in Bergen County.

28.    Plaintiff is a black.

29.    At all times material and relevant to this action, the Plaintiff has been and is an "disabled" within the meaning of Title VII, 42 U.S.C. § 12102.

30.    At all times relevant to this Complaint, Plaintiff is a "qualified individual" and suffered a disability as that term is defined by the ADA, 42 U.S.C. § 12111 and, as such, was protected by the ADA.

31.     At all times relevant to this Complaint, Plaintiff had a severe medical condition as that term is defined by the FMLA.

32.     Plaintiff was employed by Defendants as a customer service representative at Solgar from January 2005 until she was wrongfully terminated on May 6, 2016.

**FACTS**

33.     Defendants undertook the following acts and omissions knowingly, willfully, and intentionally.

34.     All actions and omissions described in this Complaint were made by Defendants directly and/or through their supervisory employees and agents.

**Disability Discrimination & Violations of FMLA**

35.     However, Plaintiff was subjected to a campaign of relentless discrimination and harassment by Defendants due to her disability and need for intermittent medical leave for continued cancer treatments, ultimately culminating in her wrongful termination on May 6, 2016.

36.     Beginning approximately June 2013, Plaintiff took medical leave due to a car accident.

37.     While Plaintiff was on leave related to the car accident, Plaintiff was diagnosed with having a kidney stone.

38.     Shortly thereafter, while Plaintiff was still one leave, she was diagnosed with breast cancer.

6

39.     As a result, Plaintiff was on medical leave for a total of six (6) months, and she returned to work in January 2014.

40.     Though Plaintiff returned to work, she required intermittent leave for her continuing cancer treatments.

41.     Plaintiff informed Defendants of her need for intermittent medical leave and Plaintiff complied with all relevant policies and procedures in requesting medical leave.

42.     Defendants were aware Plaintiff had breast cancer.

43.     Defendants were aware Plaintiff required intermittent medical leave for continued treatments.

44.     Defendants were aware Plaintiff required the reasonable accommodation of intermittent medical leave for her disability.

45.     By requesting intermittent medical leave for her disability, Plaintiff engaged in a protected activity pursuant to the FMLA.

46.     By taking intermittent medical leave for her disability, Plaintiff engaged in a protected activity pursuant to the FMLA.

47.     Despite knowing of Plaintiff's disability and her needs for reasonable accommodations, Dorothy Ward, Plaintiff's former manager, constantly interfered with Plaintiff's ability to take medical leave.

48.    Ms. Ward often required Plaintiff to plead for time off to make doctor's appointment leave before approving her requests for intermittent medical leave.

49.    Significantly, before Plaintiff's medical leave in April 2016, after Ms. Ward again refused to approve Plaintiff's medical leave, Plaintiff was required to complain to Human Resources about Ms. Ward's refusal to approve leave.

50.    It was only after Plaintiff complained to Human Resources that she was allowed to take her medical leave in April 2016, which she was later retaliated against for taking.

51.    Upon information and belief, Ms. Ward has exhibited a pattern of preventing employees from taking necessary medical leave.

52.    In addition to interfering with Plaintiff's request for a reasonable accommodation of intermittent medical leave to receive cancer treatment, each time Plaintiff *did* take medical leave, Defendants harassed Plaintiff immediately upon her return.

53.    In particular, upon Plaintiff's most recent return from medical leave on April 18, 2016, Ms. Ward became noticeably angered that Plaintiff complained to Human Resources about discrimination and that she missed work due to her medical condition.

54.    In retaliation for Plaintiff's complaints to Human Resources, Ms. Ward immediately lashed out as Plaintiff and disciplined her for helping her coworkers complete their work, something that Plaintiff had done throughout her employment and

something she was encouraged to do given her long career and vast knowledge of Defendants.

55.     Ms. Ward even threatened Plaintiff that "things are going to end badly for [Plaintiff]" if Plaintiff continues to complain to Human Resources about discrimination and about Ms. Ward's interference with Plaintiff's medical leave.

56.     Shortly thereafter, on May 6, 2016, Defendants terminated Plaintiff.

57.     Plaintiff had an excellent work performance prior to requiring medical leave.

58.     Defendants only raised performance issues beginning in 2014— immediately after Plaintiff first returned from leave and requesting intermittent medical leave—which escalated in severity and resulting in her termination.

59.     Defendants terminated Plaintiff because of her disability.

60.     Defendants terminated Plaintiff in retaliation for her request for reasonably accommodations due to her disability.

61.     Defendants terminated Plaintiff in retaliation for her request for intermittent medical leave due to her disability.

**Racial Discrimination**

62.     In addition to the pervasive disability discrimination, Defendants regularly denied Plaintiff the opportunity for advancement due to systemic racial discrimination.

63.     Notably, Plaintiff expressed interest in being transferred to the sales department on multiple occasions.

64.     Despite being qualified for the sales positions, each time Plaintiff applied for a position within the sales department, Defendants filled the position without interviewing or fully considering Plaintiff's application.

65.     Upon information and belief, the vast majority of the sales department while Plaintiff worked for Defendants was either white or Hispanic.

66.     Though at one point, the sales department had one black employee, that employee has since been terminated, resulting in an all-white/Hispanic sales department once again.

67.     Plaintiff complained to Human Resources in writing that Defendants had discriminated against her due to her race.

68.     Specifically, on March 9, 2016, Plaintiff sent Defendants an email providing, "*I am never given any chances to move up in this company because I am black*."

69.     By complaining of racial discrimination, Plaintiff engaged in a protected activity.

70.     However, in response to Plaintiff's complaints, Defendants failed to engage in any meaningful investigation or take any actions reasonably calculated at remedying the racial discrimination.

71.     Instead, Plaintiff was terminated a mere two months after making this complaint and in retaliation for engaging in a protected activity.

72.     Defendants terminated Plaintiff in retaliation for her complaints of racial discrimination.

**Retaliation for Engaging in Protected Activities**

73.     In response to the above, Plaintiff made repeated complaints of discrimination and retaliation to Defendants including complaints to Human Resources and complaints to management—verbally and in writing.

74.     Defendants began a campaign to rid itself of Plaintiff as soon as she began requiring intermittent medical leave and complaining of racial and disability discrimination.

75.     Rather than investigate Plaintiff's complaints or take any actions reasonably calculated at remedying the unlawful discrimination and retaliation, Defendants increased its harassment of Plaintiff.

76.     Defendants' retaliation of Plaintiff ultimately culminated on May 6, 2016 when Defendants brashly and summarily terminated Plaintiff—in clear retaliation for engaging in protected activities.

**FIRST CLAIM FOR RELIEF**
**RACIAL DISCRIMINATION IN VIOLATION OF TITLE VII**

77.     Plaintiff repeats and re-alleges each and every allegation set forth in the preceding paragraphs, as if fully set forth herein.

78.     Defendants, through it agents, engaged in a discriminatory practice in terms, conditions, and privileges of employment because of the race of Plaintiff.

79.     Defendants discriminated against Plaintiff because of her race by harassing Plaintiff, refusing Plaintiff a promotion, subjecting Plaintiff to disciplinary measures, and by terminating Plaintiff.

80.     To the extent that Defendants provided any avenue of complaint, Plaintiff reasonable availed herself of Defendants procedures Defendants provided to its employees.

81.     The aforementioned actions of Defendants constitute an ongoing pattern and practice of race-based discrimination and harassment.

82.     These acts violate Title VII and are illegal.

83.     As a result of such conduct by Defendants, Plaintiff has suffered damages and in entitled to back pay, front pay, and compensatory damages for, among other things, emotional trauma and the physical consequences thereof suffered by Plaintiff as a consequence of Defendants' unlawful conduct.

84.     Defendants' discriminatory treatment of Plaintiff was willful and/or in reckless disregard of Plaintiff's federally-protected rights, due to which Plaintiff is entitled an award of punitive damages against Defendants.

**SECOND CLAIM FOR RELIEF**
**DISCRIMINATION DUE TO COLOR IN VIOLATION OF TITLE VII**

85.    Plaintiff repeats and re-alleges each and every allegation set forth in the preceding paragraphs, as if fully set forth herein.

86.    Defendants, through it agents, engaged in a discriminatory practice in terms, conditions, and privileges of employment because of the color of Plaintiff.

87.    Defendants discriminated against Plaintiff because of her color by harassing Plaintiff, refusing Plaintiff a promotion, subjecting Plaintiff to disciplinary measures, and by terminating Plaintiff.

88.    To the extent that Defendants provided any avenue of complaint, Plaintiff reasonable availed herself of Defendants procedures Defendants provided to its employees.

89.    The aforementioned actions of Defendants constitute an ongoing pattern and practice of color discrimination and harassment.

90.    These acts violate Title VII and are illegal.

91.    As a result of such conduct by Defendants, Plaintiff has suffered damages and in entitled to back pay, front pay, and compensatory damages for, among other things, emotional trauma and the physical consequences thereof suffered by Plaintiff as a consequence of Defendants' unlawful conduct.

92.     Defendants' discriminatory treatment of Plaintiff was willful and/or in reckless disregard of Plaintiff's federally-protected rights, due to which Plaintiff is entitled an award of punitive damages against Defendants.

## THIRD CLAIM FOR RELIEF
## DISABILITY DISCRIMINATION IN VIOLATION OF THE ADA

93.     Plaintiff repeats and re-alleges each and every allegation set forth in the preceding paragraphs, as if fully set forth herein.

94.     At all times relevant to this Complaint, Plaintiff was restricted in carrying on major life activities, including the major life activity of work, due breast cancer that required medical leave and regular care by her treating physician.

95.     At all times relevant to this Complaint, Plaintiff was an individual with a disability who, with reasonable accommodation, was capable of performing the essential functions of a customer service representative within Defendants' workforce.

96.     At all times relevant to this Complaint, Plaintiff was a qualified individual with a disability within the meaning of the ADA, 42 U.S.C. § 12111(8).

97.     Plaintiff requested reasonable accommodations for her disability in full compliance with Defendants' policies and procedures.

98.     Defendants subjected Plaintiff to harassment in response to her request for reasonable accommodations.

99.     Defendants discharged Plaintiff on May 6, 2016.

100.    Plaintiff's disability was improperly a motivating factor in Defendants' termination of Plaintiff.

101.    Defendants thereby violated the ADA.

102.    As a result of such conduct by Defendants, Plaintiff has suffered damages and is entitled to back pay, front pay, and compensatory damages for, among other things, emotional trauma and the physical consequences thereof suffered by Plaintiff as a consequence of Defendants' unlawful conduct.

103.    Defendants' discriminatory treatment of Plaintiff was willful and/or in reckless disregard for Plaintiff's federally protected rights, due to which Plaintiff is entitled to an award of punitive damages against Defendants.

## FOURTH CLAIM FOR RELIEF
## RACIAL DISCRIMINATION IN VIOLATION OF NJLAD

104.    Plaintiff repeats and re-alleges each and every allegation set forth in the preceding paragraphs, as if fully set forth herein.

105.    At all times relevant to this Complaint, Defendants were and are an employer as that term is defined by NJLAD, N.J.S.A. 10:5-5(e).

106.    Plaintiff is black.

107.    Discrimination on the basis of color is actionable under NJLAD.

108.    As a black individual, Plaintiff belongs to the group protected by NJLAD.

109.    Plaintiff was subjected to discrimination based on her color.

15

110.    Defendants discriminated against Plaintiff because of her color by harassing Plaintiff, refusing Plaintiff a promotion, subjecting Plaintiff to disciplinary measures, and by terminating Plaintiff.

111.    At all times relevant to this Complaint, Defendants' discrimination against Plaintiff based on her color substantially and materially altered Plaintiff's conditions of employment.

112.    Defendants were aware of, and are directly and vicariously responsible for, such hostile work environment.

113.    Defendants engaged in unlawful employment practices and unlawful discrimination as those term are defined by the NJLAD N.J.S.A. 10:5-12.

114.    These acts violate NJLAD and are illegal.

115.    In taking the above described discriminatory actions, the Defendants acted with malice and reckless indifference to Plaintiff's rights pursuant to NJLAD giving rise to punitive damages.

116.    As a result of such conduct by the Defendants, Plaintiff has suffered damages and is entitled and is entitled to compensatory damages for, among other things, emotional trauma and the physical consequences thereof suffered by Plaintiff as a consequence of the Defendants' illegal conduct.

117.    Defendants' discriminatory treatment of Plaintiff was willful and/or in reckless disregard of Plaintiff's state-protected rights, due to which Plaintiff is entitled to an award of punitive damages against Defendants.

**FIFTH CLAIM FOR RELIEF**
**DISCRIMINATION DUE TO COLOR IN VIOLATION OF NJLAD**

118.    Plaintiff repeats and re-alleges each and every allegation set forth in the preceding paragraphs, as if fully set forth herein.

119.    Plaintiff repeats and re-alleges each and every allegation set forth in the preceding paragraphs, as if fully set forth herein.

120.    At all times relevant to this Complaint, Defendants were and are an employer as that term is defined by NJLAD, N.J.S.A. 10:5-5(e).

121.    Plaintiff is black.

122.    Discrimination on the basis of color is actionable under NJLAD.

123.    As a black individual, Plaintiff belongs to the group protected by NJLAD.

124.    Plaintiff was subjected to discrimination based on her color.

125.    Defendants discriminated against Plaintiff because of her color by harassing Plaintiff, refusing Plaintiff a promotion, subjecting Plaintiff to disciplinary measures, and by terminating Plaintiff.

126.    At all times relevant to this Complaint, Defendants' discrimination against Plaintiff based on his color substantially and materially altered Plaintiff's conditions of employment.

127.    Defendants were aware of, and are directly and vicariously responsible for, such hostile work environment.

128.    Defendants engaged in unlawful employment practices and unlawful discrimination as those terms are defined by the NJLAD N.J.S.A. 10:5-12.

129.    These acts violate NJLAD and are illegal.

130.    In taking the above described discriminatory actions, the Defendants acted with malice and reckless indifference to Plaintiff's rights pursuant to NJLAD giving rise to punitive damages.

131.    As a result of such conduct by the Defendants, Plaintiff has suffered damages and is entitled and is entitled to compensatory damages for, among other things, emotional trauma and the physical consequences thereof suffered by Plaintiff as a consequence of the Defendants' illegal conduct.

132.    Defendants' discriminatory treatment of Plaintiff was willful and/or in reckless disregard of Plaintiff's state-protected rights, due to which Plaintiff is entitled to an award of punitive damages against Defendants.

## <u>SIXTH</u> CLAIM FOR RELIEF
**(Discrimination Based on Handicap and/or Disability in Violation of NJLAD)**

133.    Plaintiff repeats and re-alleges each and every allegation set forth in the preceding paragraphs, as if fully set forth herein.

134.    At all times relevant to this Complaint, Defendants was and is an employer as that term is defined by NJLAD, N.J.S.A. 10:5-5(e).

135.    At all times relevant to this Complaint, Plaintiff had a disability as that term is defined by N.J.S.A. 10:5-5(q).

136.    Discrimination on the basis of disability is actionable under NJLAD.

137.    As a person with a disability, Plaintiff belongs to the group protected by NJLAD.

138.    Plaintiff was fully qualified to perform the essential functions of her job, at a level that that met or exceeded Defendants' reasonable business expectations.

139.    Plaintiff requested reasonable accommodations for her disability in full compliance with Defendants' policies and procedures.

140.    Defendants subjected Plaintiff to harassment in response to her request for reasonable accommodations.

141.    Defendants discharged Plaintiff on May 6, 2016.

142.    Plaintiff's disability was improperly a motivating factor in Defendants' termination of Plaintiff.

143.    Defendants thereby violated NJLAD.

144.    Defendants engaged in unlawful employment practices and unlawful discriminatory as those term are defined by the NJLAD N.J.S.A. 10:5-12.

145.    These acts violate NJLAD and are illegal.

146.    In taking the above described discriminatory actions, the Defendants acted with malice and reckless indifference to Plaintiff's rights pursuant to NJLAD giving rise to punitive damages.

147.    As a direct and proximate result of Defendants' aforementioned discriminatory conduct, Plaintiff suffered monetary damages, as well as humiliation, emotional distress, mental anguish and suffering, and damage to his professional reputation.

### SEVENTH CLAIM FOR RELIEF
### RETALIATION IN VIOLATION OF TITLE VII

148.    Plaintiff repeats and re-alleges the allegations set forth in the preceding paragraphs, as if fully set forth herein.

149.    Title VII, specifically 42 U.S.C. § 2000e-3, makes it unlawful for an employer to discriminate against an employee who has opposed an unlawful employment practice or has assisted or participated in another employee's claim of discrimination.

150.    By complaining about discrimination against Plaintiff based on race and color, Plaintiff engaged in an activity protected by Title VII.

151.    Defendants were aware that Plaintiff had engaged in the protected activity of complaining about discrimination based on race and/or color.

152.    Defendants took an adverse employment action against Plaintiff and materially changed the terms and conditions of employment including the unlawful termination of Plaintiff.

153.    A causal connection exists between Plaintiff's complaints about discrimination based on race and/or color and the adverse employment action Defendants took.

154.    Defendants retaliated against Plaintiff for her complaints in violation of the anti-retaliation provisions of Title VII.

155.    By their conduct, Defendants subjected Plaintiff to unlawful retaliation in violation of Title VII.

156.    As a result of such conduct by the Defendants, Plaintiff has suffered damages and is entitled and is entitled to compensatory damages for, among other things, emotional trauma and the physical consequences thereof suffered by Plaintiff as a consequence of the Defendants illegal conduct.

157.    Defendants' discriminatory treatment of Plaintiff was willful and/or in reckless disregard of Plaintiff's federally-protected rights, due to which Plaintiff is entitled to an award of punitive damages against Defendants.

**EIGHTH CLAIM FOR RELIEF**
**RETALIATION IN VIOLATION OF ADA**

158.    Plaintiff repeats and re-alleges the allegations set forth in the preceding paragraphs, as if fully set forth herein.

159.    The ADA, specifically 42 U.S.C. § 12203, makes it unlawful for an employer to discriminate against an individual who has opposed an unlawful employment practice or has assisted or participated in another individual's claim of discrimination.

160.    By requesting reasonable accommodations for her disability, Plaintiff engaged in an activity protected by ADA.

161.    Defendants were aware that Plaintiff had engaged in the protected activity of requesting reasonable accommodations.

162.    Defendants took an adverse employment action against Plaintiff and materially changed the terms and conditions of employment including the unlawful termination of Plaintiff.

163.    A causal connection exists between Plaintiff's request for reasonable accommodations and the adverse employment action Defendants took.

164.    Defendants retaliated against Plaintiff for requesting reasonable accommodations in violation of the anti-retaliation provisions of the ADA.  By their conduct, Defendants subjected Plaintiff to unlawful retaliation in violation of the ADA.

165.    As a result of such conduct by the Defendants, Plaintiff has suffered damages and is entitled to compensatory damages for, among other things, emotional trauma and the physical consequences thereof suffered by Plaintiff as a consequence of the Defendants' illegal conduct.

166.    Defendants' discriminatory treatment of Plaintiff was willful and/or in reckless disregard of Plaintiff's federally-protected rights, due to which Plaintiff is entitled to an award of punitive damages against Defendants

## NINTH CLAIM FOR RELIEF
## RETALIATION IN VIOLATION OF THE NJLAD

167.    Plaintiff repeats and re-alleges the allegations set forth in the preceding paragraphs, as if fully set forth herein.

168.    Plaintiff complained to Defendants of that she was being unlawfully discriminated against based on his race and color.

169.    Immediately after Plaintiff complained, Defendants responded by retaliating against Plaintiff by, among other things, harassing Plaintiff and unlawfully terminating Plaintiff.

170.    Defendants' harassment and termination of Plaintiff following her complaints of unlawful discrimination are in direct violation of Plaintiff's rights under NJLAD, N.J.S.A. 10:5-12.

171.    Plaintiff engaged in the protected activity of complaining to his employer regarding issues of unlawful discrimination on the basis of race and color.  A causal link exists between the protected activity and adverse employment action as Defendants knew of Plaintiff's activities and complaints, and Defendants' retaliatory acts were a direct result of such complaints.

172.    As a direct and proximate result of Defendants' conduct, Plaintiff has suffered irreparable injuries and damages.

173.    As a result of such conduct by the Defendants, Plaintiff has suffered damages and is entitled and is entitled to compensatory damages for, among other things, emotional trauma and the physical consequences thereof suffered by Plaintiff as a consequence of the Defendants' illegal conduct.

174.    Defendants' discriminatory treatment of Plaintiff was willful and/or in reckless disregard of Plaintiff's state-protected rights, due to which Plaintiff is entitled to an award of punitive damages against Defendants.

**TENTH CLAIM FOR RELIEF**
**(Violations of the FMLA, 29 U.S.C. § 2601 *et seq.*)**

175.    Plaintiff repeats and re-alleges each and every allegation set forth in the preceding paragraphs, as if fully set forth herein.

176.    At all times relevant to this Complaint, Plaintiff had a serious medical condition as defined under § 2611 of the FMLA.

177.    At all times relevant to this Complaint, Plaintiff was an "eligible employee" as defined under § 2611 of the FMLA.

178.    At all times relevant to this Complaint, Defendants were and are an employer as that term is defined by the FMLA, 29 U.S.C. § 2611(4).

179.    To the extent that Defendants made such procedures, guidelines and protocols for taking medical leave available to Plaintiff, Plaintiff complied promptly and fully with all such procedures, guidelines and protocols.

180.    Defendants interfered with Plaintiff's ability to take intermittent medical leave to treat her serious medical condition.

181.    Defendants retaliated against Plaintiff when she required intermittent medical leave due to her serious medical condition.

182.    Defendants terminated Plaintiff as a direct and proximate result of Plaintiff requesting and taking FMLA leave and thereby took an adverse employment action against Plaintiff.

183.    There is a causal connection between the protected activities Plaintiff engaged in and the adverse employment action Defendants took in response.

184.    By virtue of the foregoing, pursuant to 29 U.S.C. §§ 2615 and 2617, Plaintiff is entitled to recover twice her lost wages with interest thereon, actual damages, reinstatement, attorneys' fees and costs.

**PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff prays that judgment be entered on his behalf in accordance with the above claimed causes of action and requests the following:

A.    All compensatory and economic damages;

B.    All reasonable expenses incurred by Plaintiff, including court costs and reasonable and necessary attorney fees, including attorney's fees as provided by statutes, and other relief, both in law and equity, to which Plaintiff may show herself justly entitled;

C.    All punitive and statutory damages authorized by law;

D.    Pre-judgment and post-judgment interest; and

E.    Such further relief as the Court finds just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on all causes of action and claims with respect to which she has a right.

Dated: Park Ridge, NJ         Respectfully submitted,
      June 19, 2017

**KRAKOWER DICHIARA LLC**

By: s/ Todd Krakower
    Todd J. Krakower
77 Market Street, Suite 2
Park Ridge, NJ 07656
T: (201) 746-6333
F: (347) 765-1600